51   307
a130  611

[No. 4726.]

## HENRY FERRAN v. THE BOARD OF SUPERVISORS OF THE COUNTY OF YOLO.

FORMATION OF SWAMP LAND DISTRICT.—A petition for the formation of a new swamp land district out of a portion of an old district, under section 3481 of the Political Code, must show that the old district sought to be divided was in existence prior to May 28, 1868.

PETITION FOR THE FORMATION OF A SWAMP LAND DISTRICT.—A petition to a Board of Supervisors for the formation of a swamp land district must state all the facts necessary to show that the Board has jurisdiction to act.

*By Rhodes, J., McKinstry, J., concurring:*

PETITION TO FORM SWAMP LAND DISTRICT.—A petition presented under said section 3481 for the formation of a new swamp land district, must state the name of the owner of each tract of land which has been disposed of in the territory sought to be set off, and must give a description of the same.

IDEM.—Such petition should also be published precisely as presented to the Board.

*By McKinstry, J.:*

IDEM.—Such petition should be signed by all the persons owning lands within the proposed new district.

APPEAL from the District Court, Sixth Judicial District, County of Yolo.

The petition spoken of in the opinion was presented to the Board of Supervisors of Yolo County on the 3d day of November, 1873, and asked that Merritt Island, containing four thousand nine hundred and eighty-six and fifty-five one-hundredths acres of swamp and overflowed land, be set off from Swamp Land District No. 18, and formed into a new district. It did not state that District No. 18 existed

prior to May 28, 1868. The petition, as published for four weeks, as required by the Code, did not contain the name of one of the land owners, Stephen Smith, but as presented to the Board it did contain his name. The petition was not signed by all the land owners in the proposed new district, nor did it give a particular description of each legal subdivision, with the name of the owner thereof, if known, and the number of acres it contained. The Board of Supervisors, on the 5th of November, 1873, made an order allowing the prayer of the petitioners. This was an application to the District Court for a writ of review to set aside the order. The court below confirmed the order, and the petitioner appealed.

*Armstrong & Hinkson*, for the Appellant.

*F. E. Baker and J. C. Ball*, for the Respondent.

Mr. Chief Justice WALLACE, speaking for the Court, said :

The Court is of the opinion that the judgment of the court below must be reversed, and cause remanded, with directions to enter an order annulling the order of November 5, 1873, of the Board of Supervisors of Yolo County, set forth in the petition of the appellant. The proceeding under review was initiated under section 3481 of the Political Code, providing for the setting off of portions of swamp land districts and the creation of new districts out of the territories thus set off. But by the provisions of that section of the Code no *general authority* is given to re-form existing districts in that manner; the provision is confined to those districts which were in existence *prior to May* 28, 1868; unless the district in question existed prior to that time, there was no authority to set off a portion of its territory. In this view its existence or non-existence prior to the designated time is jurisdictional in its consequences, and the petition addressed to the Board not averring upon its face that Swamp Land District No. 18 was in existence prior to May 28, 1868, the Board had no jurisdiction to entertain the petition or grant the relief asked by the petitioners.

Judgment reversed and cause remanded, with direction to annul the order of November 5, 1873.

Mr. Justice RHODES:

The most serious ground with me is the one last spoken of by counsel, that each tract and the ownership thereof in the land which has to bear the burden of reclamation should be described. It should appear distinctly whether these tracts of land and their owners are described before the Board. And unless the tracts of land are described in such a way that they may be fully known and identified, there is nothing upon which the Board could act. It is not enough to say that there are so many acres, nor to say that the land is in a particular survey; but the legal subdivisions should be given, together with the portion held by each owner. I have doubts, also, about the sufficiency of the publication. But my strong ground is the one I have just stated.

Mr. Justice McKINSTRY:

I agree with the Chief Justice, and also with Mr. Justice RHODES, that the petition should state on the face of it the name of the owner of each piece or tract disposed of or affected. Also, that the petition as filed should be published, to give the Board jurisdiction. Speaking for myself alone, I am also of the opinion that the petition for the formation of a new district within an old one, should be signed by the names of all the persons living within the limits of the proposed new district. Upon that point I merely express my own opinion.